Filed 1/15/25  P. v. Yates CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY DAJUAN YATES,<br><br>    Defendant and Appellant. | E083614<br><br>(Super.Ct.No. FVA018252)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Jon D. Ferguson, Judge.  Dismissed.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On December 10, 2003, a jury found defendant and appellant Anthony Dajuan Yates guilty of voluntary manslaughter (Pen. Code, § 192, subd. (a), count 1).[1]  The jury

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

1

additionally found true allegations that in his commission of the offense, defendant discharged a handgun proximately causing death (§ 12022.53, subd. (d)), discharged a handgun (§ 12022.53, subd. (c)), and used a handgun (§§ 12022.5, subd. (a)(1) & 12022.53, subd. (b)).  The court sentenced defendant to prison for 21 years.[2]  (*Yates, supra,* E036068.)

Defendant appealed.  This court affirmed the judgment with directions for the trial court to strike its order that defendant pay restitution to the Victim Compensation Board.  (*Yates, supra,* E036068.)

On December 4, 2023, defendant filed a motion for resentencing pursuant to Senate Bill Nos. 1310, 775, 620, 1437 (§ 1172.6); Assembly Bill Nos. 1310 and 2942; former section 1170, subdivision (d) (now § 1172.1, subd. (a)(1)); and section 1385.

At a hearing on March 29, 2024, at which defendant was represented by counsel, the court denied defendant's section 1172.6 motion finding that a court's previous unappealed denial of a prior motion was res judicata.  The court declined to rule on defendant's request for resentencing pursuant to section 1172.1, subdivision (c).  (§ 1172.1, subd. (c) ["A defendant is not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond."])

---

[2]  We take judicial notice of this court's unpublished opinion in *People v. Yates* (Sep. 16, 2005, E036068) (*Yates*), from defendant's appeal of the judgment.  (Evid. Code, § 459.)

Counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case and requesting that we independently review the record for error.

We gave defendant the opportunity to file a personal supplemental brief. We noted that if he did not do so, we could dismiss the appeal; nevertheless, he has not filed one. Under these circumstances, we have no obligation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 224-231.) Rather, we dismiss the appeal. (*Id*. at pp. 231-232.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.

3